CARTER-FLEMING et al *v.*
KIRBY BUILDING SYSTEMS, INC.
and August KHILLING

80-104                                    603 S.W. 2d 421
Supreme Court of Arkansas
Opinion delivered September 8, 1980

*Shaw & Ledbetter*, for appellants.

*Bethell, Callaway & Robertson*, for appellees.

RICHARD L. MAYS, Justice. Our mechanics' lien statute requires actual notice to the landowner before the assignment

of a lien against his land is enforceable. Since no specific time limitation is set out by the statute, the court below enforced a lien against the land of appellants in which the assignor of the lien continued to claim an interest six months after the assignment and in which no actual notice of the assignment occurred for seven months, and only then through legal pleadings seeking to enforce the lien. Although appellants do not claim prejudice, they argue that enforcement of a lien under such circumstances would completely emasculate the statutory requirement of "actual notice." We agree and, accordingly, reverse.

In January, 1977, Khilco Industrial Electric, Inc. (hereinafter called Khilco) filed a materialman's lien against appellants, Carter-Fleming, a partnership, for electrical work done by Khilco as a subcontractor for appellants' general contractor responsible for erecting two buildings on appellants' property. On February 12, 1977, Khilco assigned the lien to appellee, August Khilling, and filed evidence of the assignment with the circuit clerk. On July 25, 1977, Khilco re-asserted an interest in the lien in litigation involving apellants. Approximately three weeks later on August 17, 1977, appellants were first notified of the assignment at the same time that appellee sought to enforce the lien.

Ark. Stat. Ann. § 51-626 (Repl. 1971), provides that no assignment or transfer of a mechanic's lien shall "be enforced against the owner or proprietor of the ground or buildings unless such owner or proprietor shall have *actual notice* of such assignment so as to protect himself." [Emphasis supplied.] Although no specific time limitation for notice of the actual lien assignment is prescribed by statute, we hold that the requirement of "actual notice" at least contemplates a notice reasonably contemporaneous with the assignment of the lien. Since the requirement of notice is not conditioned upon actual prejudice, there is a time beyond which the giving of notice of the assignment will not be sanctioned. We hold that that time was exceeded under the circumstances before us today.

Reversed.

FOGLEMAN, C.J., and HOLT and STROUD, JJ., dissent.

JOHN F. STROUD, Justice, dissenting. I respectfully disagree with the finding of the majority that the giving of actual notice of the assignment of a mechanics' lien on August 17, 1977, was untimely and void for a lien actually assigned on February 12, 1977. If the legislature had intended a time limitation, I believe it would appear in Ark. Stat. Ann. § 51-626 (Repl. 1971). The statute indicates the only limitations to be that it "shall not be enforced" until the actual notice is given and indicates the purpose is "to protect himself." Appellant here had notice prior to the enforcement of the lien and has shown no prejudice to the lapse of six months and five days. The facts are undisputed that the assignment was merely from the company to the president and owner of the company and there was no action appellee could possibly have taken *to protect himself* if he had been given actual notice on the day of assignment. I would affirm the judgment of the trial court.

FOGLEMAN, C.J., and HOLT, J., join in this dissent.